# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS

No.   11-693V

(Filed: January 15, 2014)
**TO BE PUBLISHED**[1]

* * * * * * * * * * * * * * * * * * * * * * * * * **

| | |
|---|---|
| OLIVIA BENDER, | * |
| | * |
| Petitioner, | * |
| | * |
| | *   Vaccine Act Interim Fees and Costs |
| v. | * |
| | * |
| SECRETARY OF HEALTH AND | * |
| HUMAN SERVICES, | * |
| | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * * **

## DECISION AWARDING INTERIM FEES AND COSTS

**HASTINGS,**      *Special Master.*

In this case under the National Vaccine Injury Compensation Program (hereinafter "the Program"), Olivia Bender ("Petitioner") seeks, pursuant to 42 U.S.C. § 300aa-15(e),[2] an "interim" award for attorneys' fees and costs incurred in the course of Petitioner's attempt to obtain Program compensation.   After careful consideration, I have determined to grant the request at this time, for the reasons set for below.

## I

## PROCEDURAL BACKGROUND

Petitioner's parents, Drew and Diane Bender, filed this petition on October 19, 2011, alleging that hepatitis A and meningococcal vaccines injured their daughter, Olivia.[3]   (Pet. at 1.)

---

[1]   Because I have designated this document to be published, this document will be made available to the public unless petitioner files, within fourteen days, an objection to the disclosure of any material in this decision that would constitute "medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy."   See 42 U.S.C. §300aa-12(d)(4)(b).

[2]The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006). Hereinafter, for ease of citation, all § references will be to 42 U.S.C. (2006).

[3]   Although the case was filed by Drew and Diane Bender on behalf of their daughter Olivia, Olivia is no longer considered a minor, and the caption was amended to reflect this.   *See* Order, ECF No. 31.

The Secretary of Health and Human Services ("Respondent") opposed the claim.   (Report, ECF No. 23.)

On August 7, 2013, Petitioner filed an application for interim fees and costs, seeking $20,221.80 in interim fees and $2,466.47 in interim costs.   (Hereinafter "Pet. App.") Respondent filed an opposition on August 22, 2013.   (Hereinafter "Resp. Opp.")   Petitioner filed a Reply on September 23, 2013.   Additionally, on September 23, 2013, Petitioner filed a supplemental application for interim fees and costs, seeking an additional $2,007.10 in fees. (Hereinafter "Pet. Supp. App.")   Therefore, the final interim amount requested is $22,228.90 in interim fees and $2,466.47 in interim costs for a total of $24,695.37.

## II

### LEGAL STANDARD FOR AWARDING ATTORNEYS' FEES IN GENERAL

Special masters have the authority to award "reasonable" attorneys' fees and litigation costs in Vaccine Act cases.   § 300aa-15(e)(1).   This also applies when a petitioner is unsuccessful on the merits of the case, if the petition was filed in good faith and with a reasonable basis.   *Id.*   "The determination of the amount of reasonable attorneys' fees and costs is within the special master's discretion."   *Saxton v. HHS*, 3 F.3d 1517, 1520 (Fed. Cir. 1993); *see also Shaw v. HHS*, 609 F.3d 1372, 1377 (Fed. Cir. 2010).

Further, as to all aspects of a claim for attorneys' fees and costs, the burden is on the *petitioner* to demonstrate that the attorneys' fees claimed are "reasonable."   *Sabella v. HHS*, 86 Fed. Cl. 201, at 215 (Fed. Cl. 2009); *Hensley v. Eckerhart*, 461 U.S. 424, at 437 (1983); *Rupert v. HHS*, 52 Fed.Cl. 684, at 686 (2002); *Wilcox v. HHS*, No. 90-991V, 1997 WL 101572, at *4 (Fed. Cl. Spec. Mstr. Feb. 14, 1997).   The petitioner's burden of proof to demonstrate "reasonableness" applies equally to *costs* as well as attorneys' fees.   *Perreira v. HHS*, 27 Fed.Cl. 29, 34 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994).

One test of the "reasonableness" of a fee or cost item is whether a hypothetical petitioner, one who had to use his own resources to pay his attorney for Vaccine Act representation, would be willing to pay for such expenditure.   *Riggins v. HHS*, No. 99-382V, 2009 WL 3319818, at *3 (Fed. Cl. Spec. Mstr. June 15, 2009), *aff'd by unpublished order* (Fed. Cl. Dec, 19, 2009), *affirmed*, 40 Fed. Appx. 479 (Fed. Cir. 2011); *Sabella v. HHS*, No. 02-1627V, 2008 WL 4426040, at *28 (Fed. Cl. Spec. Mstr. Aug. 29, 2008), *aff'd in part and rev'd in part*, 86 Fed. Cl. 201 (2009). In this regard, the United States Court of Appeals for the Federal Circuit has noted that:

> [i]n the private sector, "billing judgment" is an important component in fee setting. It is no less important here.   Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.

*Saxton*, 3 F.3d at 1521 (emphasis in original) (quoting *Hensley*, 461 U.S. at 433-34).   Therefore, in assessing the number of hours reasonably expended by an attorney, the court must exclude those "hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice

ethically is obligated to exclude such hours for his fee submission."   *Hensley*, 461 U.S. at 434; *see also Riggins*, 2009 WL 3319818, at \*4.

## III

## RESPONDENT'S ARGUMENT THAT AN INTERIM AWARD IS NOT APPROPRIATE IN THIS CASE

### A.   *Interim awards can be appropriate*

In *Avera v. HHS*, 515 F. 3d 1343, 1352 (Fed. Cir. 2008), the U.S. Court of Appeals for the Federal Circuit indicated that "interim fees"—that is, an award of fees prior to the entry of a final judgment on account of the alleged vaccine injury—can be appropriate in Vaccine Act cases. However, the *Avera* court did not specify in what *particular* circumstances such an award might appropriately be issued.   In this case, Respondent first raises the argument that an interim fee award is only appropriate in rare circumstances, and that an award is not appropriate in light of the circumstances of this case.   After consideration, I must reject Respondent's legal argument.

The Federal Circuit again addressed the topic of "interim" fees in *Shaw v. HHS*, 609 F.3d 1372 (Fed. Cir. 2010).   In that case, the special master had not yet ruled upon the issue of whether the petitioner was entitled to compensation for his injury, when the petitioner sought an interim fees award.   (*Id.* at 1373.)   The *Shaw* court reiterated that interim awards are not forbidden by the statue prior to a judgment on the merits, as long as there is a good faith basis for the claim and the cost of litigation imposes an undue hardship to the claimant.   (*Id.* at 1375.)   Hence, an interim award is legally permissible in Program cases, pursuant to *Avera* and *Shaw.*

Although the *Avera* court delineated some specific circumstances in which an interim fee award may be particularly appropriate, these are not the only circumstances under which an interim award can be granted.   The court in *Avera* offered some guidance when stating that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."   (*Id.* at 1352.)   But it appears to me that these comments do not imply that interim fees are only appropriate in these circumstances.   Special Masters have discretion to consider whether an interim award is appropriate in a specific case.

### B.   *Examples of cases in which interim awards have been granted*

Since *Avera*, there has been a considerable amount of case law concerning the topic of when an interim fees award fee is appropriate.   Listed below are a few example of situations in which interim fee awards have been found appropriate.

In *Doe/11 v. HHS*, 89 Fed. Cl. 661, 667 (2009), the judge indicated that an interim award should be granted in a case in which (1) proceedings before the special master had been "protracted" (a period of nearly 10 years), (2) the petitioners had presented expert testimony at a trial, and (3) a "final" fees award would not likely take place for some time, due to an appeal.[4]

---

[4] In *Doe/11*, the judge reversed the special master as to the *appropriate amount* of the interim award, but the

In *Dobrydneva v. HHS*, 94 Fed. Cl. 134, 148 (2010), the judge found that where the petitioners asserted that they needed funds from an interim award in order to obtain testimony from an expert witness, such an award was justified.

In *Franklin v. HHS*, No. 99-0855V, 2009 WL 2524492, at *4 (Fed. Cl. Spec. Mstr. July 28, 2009), the special master found it appropriate to award interim fees, again in a situation where (1) the petition had been pending for years, (2) petitioner's counsel had paid significant amounts to experts, and (3) final resolution of the case would likely take some time. He found that the above-described factors, taken together, constituted an "undue hardship" on petitioner's counsel. (*Id.*)

In *Hall v. HHS*, No. 02-1052V, 2009 WL 3094881, at *1-2 (Fed. Cl. Spec. Mstr. July 28, 2009), the special master found an interim award to be merited where (1) the amount due to counsel (over $64,000) was substantial, (2) the case had been pending about seven years, and (3) due to an appeal the attorney would likely have to wait a considerable additional time for that amount if an interim award was not issued.

In *Broekelschen v. HHS*, No. 07-137V, 2008 WL 5456319, at *2-3 (Fed. Cl. Spec. Mstr. Dec. 17, 2008), the special master again made an award for interim fees and costs. The special master found that the petitioner's attorney had incurred the substantial amount of $150,000 in fees and costs, and that there was a significant possibility of a lengthy delay until final resolution of the case.

In *Masias v. HHS*, No. 99-697V, 2009 WL 899703, at **1-3 (Fed. Cl. Spec. Mstr. Mar. 12, 2009), a special master once more awarded interim fees and costs. The case had been pending for about 10 years, the amount awarded was significant (about $48,000), and the special master found that a key factor justifying an interim award was, once again, the fact that without an interim award the petitioner's attorney would likely have to wait a substantial additional amount of time to receive that compensation.

In one case, a special master issued two different opinions, the first setting forth his *general* views as to the appropriate circumstances for an interim award, and the second actually awarding interim fees and costs in that case. *Kirk v. HHS*, No. 08-241V, 2009 WL 775396 (Fed. Cl. Spec. Mstr. Mar. 13, 2009), and 2009 WL 973158 (Fed. Cl. Spec. Mstr. Mar. 17, 2009). The special master disagreed with the respondent's argument that interim fees awards "should be the rare exception, not the rule." (2009 WL 775396 at *1.) Instead, he concluded that *Avera* provided special masters with "broad discretion" to determine whether interim fees were appropriate in a case, for the general purpose of "ensuring that petitioners are not punished financially while pursuing their vaccine claim." (*Id.*) The special master acknowledged that the *Avera* court stated that interim fees are "particularly appropriate" where the proceedings are protracted or costly experts had been obtained, but rejected the view that the *Avera* court meant those factors to strictly limit the circumstances for interim awards. (*Id.*) Rather, the special master indicated that under *Avera*, a special master should consider whether, under the overall circumstances,

---

special master below had actually also concluded, like the judge, that an interim award *was* appropriate, due to the prior protracted proceedings and the fact that a pending appeal would likely delay the final fees award. See *Doe/11 v. HHS*, 2009 WL 1803457, at *4 (Fed. Cl. Spec. Mstr. June 9, 2009).

"petitioners *or their counsel* will suffer an undue hardship" in the absence of an interim award. (*Id*. at *2, emphasis added.)   In that case, the amount involved was about $15,000 in attorneys' fees plus a small amount of costs (*id*. at *1), and it appeared that the final resolution of the case might not take place for a considerable time period (*id*. at *2).   The special master found that it would be an undue hardship for the "small" law firm involved in the case to go without those funds for "years."   (*Id*.)   The special master, accordingly, did make an award of interim fees and costs. (2009 WL 973158, at *1.)

In *MacNeir v. HHS*, No. 03-1914V, 2010 WL 891145, at *1-4 (Fed. Cl. Spec. Mstr. Feb. 12, 2010), the special master granted an interim award of fees and costs in the amount of $12,062, in a case in which the petitioners' counsel had expended most of the fees and costs in obtaining and filing medical records, and the case had been pending about seven years.

In *Woods v. HHS*, 105 Fed. Cl. 148 (2012), a judge found that an attorney should be granted an award of interim fees and costs if delaying a fee award could pose an undue hardship to counsel.   Additionally, the judge reiterated that the circumstances in which an interim award could be granted are not limited to the circumstances found in the *Avera* or *Shaw* cases.   (*Id*. At 154.)

There are many other examples of cases in which interim awards have been granted in recent years, too numerous to discuss here.

I also note that several of the decisions have specifically noted that under *Avera,* the special master's determination whether or not to make an award of interim fees and costs is a matter of *discretion*, based upon all the circumstances of the case. *Broekelschen,* 2008 WL 5456319 at *2; *Hall,* 2009 WL 3423036 at *1-2;  *Masias,* 2009 WL 899703 at *3; *Kirk*, 2009 WL 775396, at *1.

## C.   *This case*

The overall circumstances in this case, in my view, are appropriate for an interim award at this time.   First, in light of the evidence of a possible temporal relationship between Olivia's condition and the vaccinations in question, combined with the lack of alternative causes, I conclude that this case was brought in good faith and with a reasonable basis.

Second, the overall circumstances of this case fit within the broad guidelines suggested in the *Avera* opinion concerning the topic of when an interim award is appropriate.   In this case, Petitioner's counsel has been working on the case for more than three years, and the petition has been pending for more than two years.   Additionally, Petitioner's attorney claims the substantial amount of over $20,000 in fees and over $2,000 in costs.   Furthermore, it appears from the record that the Petitioner's attorney has made substantial efforts to find support for Petitioner's claims. Finally, Petitioner's counsel filed a motion to withdraw in this case.   Although that factor *by itself* may not justify an interim award, that factor has been discussed in other cases approving an interim award.   See, *e.g., Woods*, 105 Fed. Cl. 148; *Bear*, 2013 WL 691963 (Fed. Cl. Spec. Mstr.

Feb. 4, 2012); *Edmonds v. HHS*, No. 04-87V, 2012 WL 1229149 (Fed. Cl. Spec. Mstr. March, 22, 2012).

In sum, I conclude that the overall circumstances of this case justify the issuance of an interim award.

## V

## AMOUNT OF AWARD

### A.   Attorney hourly rate

Respondent did not specifically challenge the hourly rate for purposes of this interim award.   The hourly rates sought in this case appear appropriate.

### B.   Number of attorney hours

The respondent has challenged the number of attorney hours claimed by the law firm in question.   Respondent states that "the number of hours billed by petitioner's counsel is excessive," alleging that the law firm utilized an excessive number of people in the firm to work on the case, causing unnecessary duplication.

However, respondent does not challenge specific hours, and, after looking at the request myself, the overall number of hours appear justified in this case.

### C.   Supplemental application

Respondent filed an opposition to the Supplemental Application on October 21, 2013, but offers no arguments that are persuasive to me.

## VI

## SUMMARY AND CONCLUSION

For the reasons set forth above, I conclude that it is appropriate to make an interim award of fees and costs to the petitioner at this time.   The amount of the award is the sum of the amounts requested by Petitioner's counsel in counsel's original and supplemental applications, for a total of $24,695.37.   The award shall be made in the form of a check made payable jointly to Petitioner and Petitioner's counsel.

_____/s/ George L. Hastings, Jr.___
George L. Hastings, Jr.
Special Master