# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 11-693V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * *
OLIVIA BENDER,                  *    Special Master Corcoran
                                *
                                *    Filed:  July 25, 2016
              Petitioner,       *
                                *    Interim Award of Expert Costs.
       v.                       *
                                *
SECRETARY OF HEALTH AND         *
HUMAN SERVICES,                 *
                                *
              Respondent.       *
                                *
* * * * * * * * * * * * * * * * * * * * * * *
```

*Bruce W. Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.

*Lara Englund*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### **DECISION AWARDING INTERIM EXPERT COSTS IN PART**[1]

This Petition was filed on October 19, 2011, under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] and alleges that the hepatitis A and meningococcal vaccines injured Ms. Bender. Pet. at 1. Petitioner was previously represented by a different law firm, then acted as a *pro se* litigant for a period of time until present counsel appeared on Petitioner's behalf at the end of 2015. An entitlement hearing in the matter is presently set for February 9-10, 2017.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged and confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act.

On June 16, 2016, Ms. Bender filed a Motion requesting an interim award of litigation costs in the amount of $28,200.00. ECF No. 87. Petitioner specifically seeks reimbursement of funds paid to her causation expert, Dr. Chone Ken Chen, M.D., incurred in preparation of his August 22, 2015, expert report (ECF No. 61) and supplemental report filed February 10, 2016 (ECF No. 83). Petitioner also has offered (in a separate filing) invoices detailing Dr. Chen's work on the two reports. *See* Exs. 13-14 (ECF Nos. 88-1). Dr. Chen has to date billed 141 hours to the matter, at a rate (reportedly reduced from his usual hourly rate) of $200 per hour. *See* May 5, 2016, Affidavit, filed as Exhibit 14 (ECF No. 88-2).

On June 28, 2016, Respondent filed a document reacting to Petitioner's Motion. ECF No. 90. Respondent asserts that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for Respondent in the resolution of a request by a Petitioner for an award of attorney's fees and costs." *Id*. at 1. Respondent otherwise has not objected to the propriety of an interim award, except to note that a reasonable amount for fees and costs in the present case in her estimation would fall between $15,000.00 and $20,000.00, providing no substantiation for this proposed range. *Id*. at 3. On June 29, 2016, Petitioner filed a short reply (ECF No. 91) reiterating her prior arguments, but also noting that she herself, rather than counsel, had incurred the expert costs (although she had not yet paid them). ECF No. 91 at 2.

It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs*., No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs*., 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs*., 515 F.3d 1343, 1352 (Fed. Cir. 2008). While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards. *Perreira v. Sec'y of Health & Human Servs*., 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for costs are subject to the same reasonableness standards governing respect to attorney's fees. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.

In the past I have been reluctant to grant interim awards for expert costs when a case is soon to be heard, in part due to the fact that the expert's value to the litigation is best determined after hearing the expert testify. *Bell v. Sec'y of Health & Human Servs*., No. 13-709, 2015 WL 10434882, at *3-4 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). An expert can be readily paid once the hearing is over, and his or her hearing time included in the request as well, thereby avoiding the need for piecemeal fees requests. At the same time, I must weigh such considerations against the fact that Petitioner (who was until the end of last year a *pro se* litigant during the time Dr. Chen's first report was filed) appears to be responsible for the costs incurred to date, and therefore has suffered sufficient "hardship" to make an interim award appropriate. Ex. 15 (ECF No. 88-3) at 3.

Besides such overarching factors about the propriety of an interim award, Ms. Bender must also establish that the sum of costs requested is reasonable. The burden of demonstrating that costs incurred were reasonable falls on a petitioner. *Ceballos v. Sec'y of Health & Human Servs.*, No. 99-97V, 2004 WL 784910, at \*13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004) (quoting *Comm. Heating & Plumbing Co. v. Garrett III*, 2 F.3d 1143, 1146 (Fed. Cir. 1993)). Under these circumstances, I find she has done so with respect to Dr. Chen's hourly rate, which (at $200 an hour) is reasonable in light of other decisions involving Program experts. *See e.g.*, *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at \*17 (Fed. Cl. Spec. Mstr. Apr. 28, 2015) (awarding an hourly rate of $400 to an expert in neurology); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at \*8 (Fed. Cl. Spec. Mstr. Jan. 24, 2014) (expert did not have "specialized knowledge and experience" in the case to justify his requested hourly rate of $500 and, accordingly, rate was reduced to $400 per hour).

The total hours requested (141) are, by contrast, somewhat high when compared with sums billed in other cases. *See e.g.*, *Morse v. Sec'y of Health & Human Servs.*, 89 Fed.Cl. 683, 689 (Fed. Cir. 2009) (reducing the total number of expert hours billed from forty to thirteen). In *Morse*, the special master relied on his experience with other Vaccine Program cases to estimate a reasonable number of work hours for the review of Ms. Morse's medical records. *Id*. The United States Court of Appeals for the Federal Circuit has permitted this practice. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1521–22 (Fed. Cir. 1993). Although this case has been pending for seven years, Dr. Chen only performed work on the matter beginning in July 2014, and it is not evident from his records that all of the work he performed was necessary. Pet'r's Ex. 13 at 2. Petitioners (including *pro se* litigants) are properly tasked with keeping an eye on costs, since the Program's fees provisions are not a blank check to run up unreasonable costs. An expert's billed costs should be reduced from the amount requested when the expert's billed hours are excessive. *Hensley v. Eckerhart*, 461 U.S. at 434 (1983). The $100 reduction in requested hourly rates assuages my concern somewhat, but not completely.

Given the above, I would usually decline to award interim fees at this time until I had the opportunity to evaluate the utility of Dr. Chen's testimony. However, Ms. Bender has established that she is responsible for these costs – a factor that compels me to make some award. I will therefore award seventy percent of the requested expert fees at this time. After trial, Petitioner may request the unreimbursed additional time, as well as whatever other additional time Dr. Chen incurs on her behalf (assuming it is reasonable). At that time, I will evaluate whether his assistance in the case merited the hours spent, and will reduce future awards if I determine excessive time was devoted to the matter.

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of attorney's fees and costs awards, and based on the foregoing, I **GRANT** Petitioner's Motion for

an Interim Award of Costs, awarding **$19,740.00** in costs in the form of a check payable to Ms. Bender. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

    **IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.