# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 11-693V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
OLIVIA BENDER,                         *        Special Master Corcoran
                                       *
                                       *        Filed:  September 5, 2017
                Petitioner,            *
                                       *        Interim Award of Expert Costs.
        v.                             *
                                       *
SECRETARY OF HEALTH AND                *
HUMAN SERVICES,                        *
                                       *
                Respondent.            *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Bruce W. Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.

*Lara Englund*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING THIRD AWARD OF PARTIAL INTERIM EXPERT COSTS[1]

Petitioner filed this case on October 19, 2011, under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] and alleges that the hepatitis A and meningococcal vaccines caused her to suffer from transverse myelitis. Pet. at 1. Petitioner was previously represented by a different law firm, then acted as a *pro se* litigant for a period of time until present counsel appeared on Petitioner's behalf at the end of 2015. An entitlement hearing was held on February 9-10, 2017, and a decision in the matter is pending.

---

[1] Although this decision has been formally designated "not to be published," it will nevertheless be posted on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its present form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act.

This is Petitioner's third interim request for costs and/or attorney's fees. The first request came on August 7, 2013, when the case was still assigned to Special Master Hastings, and just prior to Petitioner's prior counsel withdrawing from the case. *See* Motion for Interim Attorney's Fees and Costs, dated Aug. 7, 2013 (ECF No. 37). Special Master Hastings awarded $24,695.37 in fees and costs—the total amount requested by Petitioner. *See Bender v. Sec'y of Health & Human Servs.,* No. 11-693, 2014 WL 448860 (Fed. Cl. Spec. Mstr. Jan. 15, 2014).

On June 16, 2016, about six months after Petitioner's current counsel became counsel of record, Ms. Bender filed a second motion for an interim award of litigation costs personally incurred in the amount of $28,200.00, for reimbursement of time incurred by her first causation expert, Dr. Chone Ken Chen, M.D. *See* Second Motion for Interim Costs, dated June 16, 2016 (ECF No. 87) ("Second Mot."). I made a partial interim award of these costs on August 3, 2016, awarding seventy percent of the sum requested, or $19,740.00, but reserving judgment on the remainder until I had the opportunity to hear Dr. Chen at trial. *See Bender v. Sec'y of Health & Human Servs.,* No. 11-693, 2016 WL 4506110 (Fed. Cl. Spec. Mstr. July 25, 2016) ("Second Interim Dec."). In so doing, I took note of the fact that Petitioner had largely incurred these costs while acting as a *pro se* litigant, thereby giving additional justification for such an award. *Id*. at *2.

Now, Petitioner has made a third interim request. *See* Interim Application, dated August 2, 2017 (ECF No. 124) ("Third Mot."). The request includes three components: (a) attorney's fees and paralegal costs, totaling $111,858.85; (b) unreimbursed and additional expert costs incurred by Dr. Chen in the sum of $5,360.00; and (c) $26,146.40 billed by Petitioner's second expert, Dr. Vera Byers. [3] *Id*. at 1. In addition, Petitioner represents that she personally incurred $9,065.81 in unreimbursed expenses from the entitlement hearing—$8,460.00, which remained after the second decision on fees for expert costs of Dr. Chen, plus $605.81, which (from an invoice created by Petitioner's counsel) seem to reflect costs from hearing expenses (i.e. travel, meals, hotel, etc.). *Id*., Tab A at 53.

On August 10, 2017, Respondent filed a document reacting to Petitioner's Motion. ECF No. 125. Respondent asserts that he defers to my discretion to determine if a fees award is appropriate, and if so, the appropriate amount of such an award. The matter is now ripe for decision.

**Analysis**

My first interim costs decision in this matter discussed the standards applicable to such requests, and therefore I will not repeat them herein. *See* Second Interim Dec. at *2-3. Other special masters have noted that repeated interim fees requests strain the guidelines set by the Federal

---

[3] The $5,360.00 sum includes $400.00 paid by Petitioner's counsel directly to Dr. Chen. Third Mot., Tab B at 59. Dr. Byers's costs similarly include a $14,000.00 previously paid to her by counsel. *Id.* at 57.

Circuit for awarding fees or costs before a case is over. *See e.g., Heinzelman v. Sec'y of Health & Human Servs.,* No. 07-01V, 2011 WL 7463322 (Fed. Cl. Spec. Mstr. Mar. 24, 2011). Interim fee awards are not the "norm," and it is not the responsibility of special masters to reimburse Program attorneys for their work on a schedule that suits them and their individual practices. Rather, such awards should still be made in accordance with the general parameters set by *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

I have not yet issued a decision in the case, although I hope to do so soon. Yet this will not necessarily constitute the "end" of the matter. Depending upon the decision issued, the parties may engage in further litigation—whether in appeals, damages disputes, or otherwise – thereby incurring even more fees or costs. I am mindful of such possibilities in ruling on the present request. Below, I address each separate fees or costs component.

I.   *Attorney's Fees and Costs*

I decline at this time to make any award of attorney's fees or related costs in this matter, for two reasons. First, as noted above, it is foreseeable that present counsel will incur additional time working on this matter, necessitating a <u>fourth</u> fees/costs request. Judicial efficiency will be best served if that sum is addressed at a later date, in a final fees determination.

Second, Petitioner has not established grounds under *Avera* for an interim fees award. As the procedural history of this case reveals, counsel appeared in the matter at the end of 2015 – over four years after its initiation. While the case itself has existed for a long time, counsel has been involved for less than two years, and therefore cannot credibly claim to have been mired in a protracted matter. *See K.L. v. Sec'y of Health & Human Servs.,* No. 12-312, 2014 WL 12513165 (Fed. Cl. Spec. Mstr. Dec. 8, 2014). Petitioner asserts in a conclusory matter that the *Avera* factors are met, but has not substantiated her assertions. I will therefore defer ruling on attorney fees and related costs issues (*e.g.* paralegal time, copying, travel costs, etc.) until the final fees award in the case.

The Benders otherwise state that they have expended $605.81 in miscellaneous litigation expenses, in addition to the expert costs discussed below. These costs appear to be reasonable, and I award them in full to Petitioner.[4]

II.   *Expert Costs*

As noted, Petitioner also seeks costs to reimburse the two experts who testified on her behalf at trial. Unlike in the case of counsel, an expert's work is largely complete once a hearing

---

[4] The charge for lodging is listed as January 11, 2017 a month prior to the hearing. It appears that Petitioner bought the room in advance, thus the charge was not at the same time as the hearing. Third Mot., Tab A at 53.

is held. Experts should be promptly compensated for their time, both to alleviate financial burdens on counsel (who, as in this case, often cover expert retainers or costs in advance of Program reimbursement) and to ensure that experts remain willing to take on vaccine injury claimants. For these reasons, an interim award of expert costs is reasonable, even though it will be the third such award made in this case. That still leaves determining whether the specific sums requested by each expert herein are also reasonable.

With respect to Dr. Byers, Petitioner requests an hourly rate of $400, reduced by half to $200 for travel time. This rate is somewhat more than Dr. Byers has received in the past in the Program, although such determinations are now several years old. *See e.g. Dingle v. Sec'y of Health & Human Servs.,* No. 08-579V, 2014 WL 630473 (Fed. Cl. Spec. Mstr. Jan. 24, 2014) (awarding Dr. Byers $300 per hour); *Hall v. Sec'y of Health & Human Servs.,* No. 02-1052, 2009 WL 3094881 (Fed. Cl. Spec. Mstr. July 28, 2009). However, it is not out of line with what experienced experts like Dr. Byers (who has testified many times for Vaccine Program petitioners) receive. *See, e.g. Bhuiyan v. Sec'y of Health & Human Servs.,* No 05–1269V, 2015 WL 2174208, at *4 (Fed. Cl. Spec. Mstr. Apr. 16, 2015) (awarding Dr. Kinsbourne $400 per hour); *Faoro v. Sec'y of Health & Human Servs.*, No. 10–704V, 2014 WL 5654330, at *4 (Fed. Cl. Spec. Mstr. Oct. 15, 2014) (awarding Dr. Kinsbourne $400 per hour).

As a general matter, Dr. Byers's testimony was pertinent and helpful, and it does not appear from her invoices that she overworked the case. In addition, the overall sum requested is largely in keeping with what other experts often receive for work on a report plus testimony. I will therefore award in full the sum requested for her time, or $26,140.40.

Dr. Chen's time presents a less compelling case for full compensation, however. First, I note that the rate he requests for substantive work ($300 per hour) exceeds the rate previously awarded him in this case, seemingly because he offered a discount to Petitioner (who at the time was *pro se*). *See* Second Mot., Exhibit 14 at 2. Although no such discount was applied for his additional hours, I will still only award him $200 per hour, consistent with my prior interim determination, with $100 per hour for travel time.

Second, and of greater concern, having had the opportunity to see and hear Dr. Chen at trial and to review the trial transcript, I did not find Dr. Chen's testimony particularly illuminating. Beyond some reasoned comments about Ms. Bender's medical course and how it was consistent with her causation theory, Dr. Chen's testimony was difficult to parse and has not proved helpful to my determination of the case. Although the additional hours devoted to the matter are modest[5]

---

[5] Arguably, and by Dr. Chen's own admission—"Well, to be quite frank, I did not really prepare for this hearing very much"—he devoted entirely too little time to preparing for the hearing, and underscores the lack of utility his testimony provided. Transcript at 206. But this only further diminished the value of his testimony.

4

in comparison to what Dr. Chen billed previously (141 hours), I do not find that his testimony was substantively assistive to Petitioner's evidentiary showing.

Given the above, and given that I previously awarded Dr. Chen some fees with the proviso that I would later evaluate the utility of his expert assistance herein, I will award him 10 of the 12 requested hours of additional time at the previously-awarded $200 rate ($2,000), plus eight hours of travel time at $100 per hour ($800). I will not award the previously-reserved $8,460.00 sum, however. Overall, I deem the total amount of work performed by Dr. Chen (more than 150 hours) exceedingly excessive in light of the inadequate character of his testimony at hearing. If anything, the previously-awarded amount was too high – but because it cannot be reduced retroactively, the only course left me is to deny those un-awarded amounts (about 42 hours).

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of attorney's fees and costs awards, and based on the foregoing, I **GRANT in part** Petitioner's Motion for an Interim Award of Costs, awarding **$28,946.40** in costs in the form of a check jointly payable to Petitioner and Petitioner's Counsel, Bruce Slane, Esq. I will also award **$605.81** in costs in the form of a check payable to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.