# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 11-693V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
OLIVIA BENDER,                        *       Special Master Corcoran
                                      *
                                      *       Filed:  April 15, 2019
              Petitioner,             *
                                      *       Attorney's Fees and Costs
       v.                             *
                                      *
SECRETARY OF HEALTH AND               *
HUMAN SERVICES,                       *
                                      *
              Respondent.             *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Bruce W. Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.

*Lara Englund*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

Petitioner filed this case on October 19, 2011, under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] alleging that the hepatitis A and meningococcal vaccines caused her to suffer from transverse myelitis. Petition (ECF No. 1) at 1. An entitlement hearing was held on February 9-10, 2017, and I thereafter denied entitlement by Decision, dated October 6, 2017 (ECF No. 128). Petitioner's subsequent Motion for Review resulted in a remand,

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act.

but I denied compensation a second time (*see* Decision, dated July 2, 2018 (ECF No. 136)), and a second Motion for Review was unsuccessful.

Petitioner has now submitted a final request for costs and/or attorney's fees. Motion, dated April 3, 2019 (ECF No. 145) ("Mot."). It is the last of four such requests that have been made over the course of this matter's life. *See* ECF Nos. 50 (January 2014 judgment awarding $24,695.37 in fees and costs), 94 (August 2016 judgment awarding $19,740.00 in fees and costs), and 127 (October 2017 judgment awarding $29,552.21 in fees and costs). Importantly for purposes of the present fees request, Petitioner's third request sought approximately $112,000.00 in attorney's fees incurred on the matter from December 2015 through August 2017, but I declined to include fees in the interim award, anticipating that there was a strong possibility of post-adjudication attorney work that would result in more fees, and taking into account the fact that Petitioner had already received two interim awards before that time. *See* Decision, dated October 6, 2017 (ECF No. 128).

In the present motion, Petitioner requests a total award of $141,935.61, reflecting $137,164.05 in attorney's fees, plus $4,771.56 in costs. Mot. at 6. The fees reflect the work of counsel Bruce Slane, Esq., and other attorneys working with him on the matter, and includes the time previously requested in Petitioner's third interim request but now extending through this year and the recent filing of the final fees motion. *See* Tab A to Mot. (ECF No. 145-1). The requested costs largely seem to reflect expenses incurred in connection with the hearing and/or subsequent appeals. *See* Tab B to Mot. (ECF No. 145-2).[3] In addition, Petitioner has included a declaration under General Order No. 9 stating that she has not personally incurred any additional costs. *See* Tab C to Mot. (ECF No. 145-3). Respondent reacted to the final fees and costs request on April 5, 2019, deferring the resolution of the matter to my discretion. ECF No. 148.

## Analysis

A petitioner may receive a fees award even if his claim fails, but to do so he must demonstrate the claim's reasonable basis through some objective evidentiary showing and in light of the "totality of the circumstances," including all facts relevant to the to the case. *See Chuisano v. Sec'y of Health & Human Servs*., 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs*., 101 Fed. Cl. 303, 303 (2011)). Here, I find that Petitioner's claim unquestionably possessed objective grounds, despite the fact that it was ultimately unsuccessful. Accordingly, a fees award is appropriate.

---

[3] Counsel's present fee application also includes an invoice for $3,000.00 for a retainer for one of Petitioner's experts, Dr. Byers. *See* Tab B to Mot. at 1-5. However, that invoice is *not* listed on counsel's billing worksheet (which covers only travel and appeal related expenses). *See* Tab A to Mot. at 57-59. Presumably, counsel included this invoice by mistake as the retainer was previously requested and paid in the interim fee award granted in September 2017. *See* Decision, dated Sept. 5, 2017 (ECF No. 126) at 4 (awarding Dr. Byers's retainer); Tab A to Interim Fees App. (ECF No. 124-1) at 52 (showing the requested retainer); Tab B to Interim Fees App. (ECF No. 124-2) at 1-5 (invoice).

Calculating a *reasonable* fees and costs award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera,* 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner's fee application includes attorney billing records that indicate that Mr. Slane and several other associates (plus some firm paralegals and law clerks) performed the legal work in this case based on varying rates between 2015 and 2019. *See* Tab A to Mot. I have determined in prior cases that Mr. Slane is entitled to forum rates, and I find herein as well that the hourly rates requested are reasonable, and in accordance with the Vaccine Program forum-rate guidelines. *See, e.g.*, *Sotirhos v. Sec'y of Health & Human Servs.*, No. 17-290V, 2019 WL 410350 (Fed. Cl. Spec. Mstr. Jan. 16, 2019); *Grant v. Sec'y of Health & Human Servs.*, No. 16-1446V, 2018 WL 5832137 (Fed. Cl. Spec. Mstr. Sept. 18, 2018). The above-noted requested rates are also in keeping with the Rate Guidelines established by the Office of Special Masters.[5] I will award the rates requested herein without reduction.[6] I also find that the work performed on this matter was appropriate, and will therefore award all time billed. In addition, the costs expended on this matter by Petitioner and counsel also appear to be reasonable, and will be awarded in full.

---

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 205-06 (2009). This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

[5] *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2018-2019, https://www.uscfc.gov/node/2914 (last accessed on April 15, 2019).

[6] Petitioner requests increased rates for 2019 for two Slane firm attorneys: $355 per hour for Mr. Bruce Slane, and $215 per hour for Mr. Christian Martinez. Tab A to Mot. at 56. The Office of Special Masters currently favors using the producer price index for the office of lawyers ("PPI-OL") to measure for inflation. The PPI-OL inflated rate for 2019 is calculated by multiplying counsel's 2018 hourly rate by the PPI-OL index for January 2018, and then dividing by the PPI-OL index for January 2017. Here, the PPI-OL calculations for the 2019 rates are roughly the same amount that counsel has billed to the matter herein. Thus, there is no reason to adjust the requested rate increases for 2019.

3

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a fees awards, and based on the foregoing, I hereby **GRANT** Petitioner's motion, and award a total of **$141,935.61**, in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Bruce Slane, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[7]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.